McCORD, Chief Judge.
Appellant, Carter Opticians, Inc., appeals the trial court’s holding that a transaction between appellant and appellee Davis was a transaction where credit had been offered or extended to appellee from appellant and, therefore, it involved a “consumer claim” under Chapter 559, Florida Statutes (1975). We reverse.
The facts show that appellee Davis ordered from appellant a pair of prescription glasses, and appellant agreed to have the glasses ready later the same day. Appellant did not ask Davis for payment prior to actual delivery of the glasses. Later the same day, after the lenses had been prepared, Davis informed appellant that she no longer wanted the glasses. Appellant explained to her that the glasses could not be sold to anyone else since the lenses had been especially ground for her prescription and to fit the frames she selected. However, Davis refused to pay for the glasses. After Davis refused payment, appellant contacted Davis’ employer and informed him of Davis’ alleged debt to appellant. Appellant’s place of business is located in the same building as Davis’ employer, and appellant gave a discount on glasses to all of the employees of Davis’ employer.
Appellant filed a claim for payment against Davis in county court; Davis filed a counterclaim pursuant to §§ 559.72 and 559.77, Florida Statutes (1975), and the cause was transferred to circuit court. § 559.55(1), Florida Statutes (1975), provides that a “consumer claim” is a claim “arising out of a transaction wherein credit has been offered or extended.” § 559.72 provides:
“In collecting consumer claims . no person shall:
******
(4) communicate or threaten to communicate with a debtor’s employer . . . .”
The legislative act does not define “credit,” and the meaning of that term as applied to the facts of this case is the sole issue.
The trial court found that Davis was indebted to appellant for the sum of $35.15 for the glasses she ordered. On Davis’ counterclaim, the trial court concluded that appellant’s claim against Davis was a “consumer claim” in that the glasses were a consumer item made especially for Davis’ exclusive use and could not be sold to anyone else; that in not requiring Davis to pay for this exclusive item in advance, appellant extended credit to appellee for a few hours; that Davis did not give appellant permission to contact her employer regarding the debt and, thus, appellant violated § 559.72 when it so communicated with Davis’ employer. Pursuant to § 559.72(4) and § 559.77(1), Florida Statutes (1975), the trial court awarded Davis statutory damages in the amount of $500 and $750 attorneys’ fees.
Appellant argues that the payment arrangement at issue was simply a cash-on-delivery transaction and did not involve an “extension of credit.” Appellant contends that the trial court’s classification of this *229 transaction as an “extension of credit” is overly broad and cites authorities which define “credit” as the antonym of “cash on delivery.” See Ballantine’s Law Dictionary 2d Ed.; 3 Am.Jur. Proof of Facts, Credit, p. 455; “Handling Consumer Credit Cases,” by Barkley Clark and John R. Fonseca [the Lawyers Cooperative Publishing Company (1972), plus supplements]; Regulation Z of the Federal Truth in Lending Regulations (12 C.F.R. 226), at § 226.2(q). On the basis of these authorities, appellant argues that when, as in this case, the item is to be paid for upon delivery, credit has not been extended.
Davis responds that she was liable and obligated to pay when the order was placed, but payment was deferred until the glasses were delivered. Thus, credit was extended for the period of time between the order and delivery.
We agree with appellant and find that the trial court erred in ruling this “cash on delivery” transaction to be a “credit” transaction. While appellant could have required advance payment as a condition to preparing the glasses in accordance with appellant’s prescription, its failure to do so does not convert this from a “cash on delivery” transaction to a credit transaction. Had Davis been extended credit upon delivery of the glasses, then, of course, it would have then become a credit transaction. Were we to construe this to have been a credit transaction merely because appellant did not require advance payment for work it was to yet perform, such construction would bring into the orbit of Chapter 559, Florida Statutes, a multitude of executory transactions in which advance payment pri- or to performance is not required. We do not believe the legislature intended to incorporate such transactions as credit transactions. Here there was no extension of credit. Davis simply refused to pay for the glasses she had ordered on a cash-on-delivery transaction. Under the facts presented here, credit was not extended, and, therefore, appellant’s claim against Davis is not within the definition of “consumer claim” under Chapter 559. The penalties of that statute do not apply to appellant. Consequently, the judgment below, insofar as it assesses damages and attorneys’ fees against appellant is
REVERSED.
SMITH and MELVIN, JJ., concur.